UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) No. 3:17-CR-98 |
| v. | ) ) JUDGES VARLAN/GUYTON |
| ROY ANTHONY WILLIAMS, | ) ) |
| Defendant. | ) |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, the defendant, ROY ANTHONY WILLIAMS, and the defendant's attorney, Paula R. Voss, have agreed upon the following:

1. The defendant will plead guilty to Counts One and Two of the Indictment:

   a. Count One of the Indictment charges the defendant with travelling in interstate commerce for the purpose of engaging in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), in violation of 18 U.S.C. § 2423(b). The punishment for this offense is a term of imprisonment of up to thirty (30) years, a fine of $250,000, a term of supervised release from five years up to life, and a $5,000 special assessment.

   b. Count Two of the Indictment charges the defendant with knowingly using a facility of interstate and foreign commerce to persuade, induce, entice and coerce a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b). The punishment for this offense is a term of imprisonment of not less than ten (10) years up to life; a fine of up to $250,000; a term of supervised release not less than five (5) years up to life; and a $5,000 special assessment.

1       Defendant's initials:_____

2. In consideration for the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining count against the defendant.

3. The defendant has read the Indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. The defendant is pleading guilty because the defendant is, in fact, guilty.

    a. In order to be guilty of an offense under 18 U.S.C. § 2423(b), as charged in Count One of the Indictment, the defendant agrees that each of the following elements of the crime must be proved beyond a reasonable doubt: (i) the defendant travelled in interstate or foreign commerce; and (ii) the defendant's purpose for the travel was to engage in illicit sexual conduct, that is, to engage in a sexual act with a person who had attained the age of 12 years, but had not attained the age of 16 years, and the minor was at least four years younger than the defendant.

    b. In order to be guilty of an offense under 18 U.S.C. 2422(b), as charged in Count Two of the Indictment, the defendant agrees that each of the following elements of the crime must be proved beyond a reasonable doubt: (i) the defendant knowingly persuaded, induced, enticed, or coerced an individual to engage in unlawful sexual activity, or attempted to do so; (ii) the defendant used a means or facility of interstate commerce to do so; and (iii) the defendant believed that the individual was under the age of 18 years.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts that satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the

right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

      a.    On or about July 1, 2017, the defendant travelled by aircraft from London Heathrow International Airport in the United Kingdom to Washington Dulles International Airport in the Commonwealth of Virginia. The defendant then travelled by aircraft from Washington Dulles International Airport to McGhee Tyson Airport in the Eastern District of Tennessee. A purpose of the defendant's aforementioned travels was to engage in sexual acts with a minor who was thirteen years of age at the time.

      b.    From on or about July 1, 2017, to on or about July 19, 2017, the defendant used a facility or means of interstate and foreign commerce, that is, cellular telephones and laptop computer, to knowingly persuade, induce, and entice the aforementioned thirteen year-old minor to engage in sex with the defendant, or attempted to do so.

      c.    At the time of the aforementioned conduct, the defendant was more than ten years older than the minor.

      d.    The defendant's cell phones and laptop computer were produced in interstate and foreign commerce and operated in interstate and foreign commerce, in that these devices were produced outside of the State of Tennessee and defendant's communications to persuade, induce and entice the minor to engage in illegal sexual activity were transmitted to the minor via the Internet.

5.    The parties agree that the appropriate disposition of this case would be the following:

      a.    The Court may impose any lawful term of imprisonment, any lawful fine, and any lawful term of supervised release up to the statutory maximum;

3      Defendant's initials:_____

Case 3:17-cr-00098-TAV-HBG Document 20 Filed 02/06/18 Page 3 of 11 PageID #: 43

b. The Court will impose special assessment fees as required by law; and

c. The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

6. Pursuant to Rule 11(c)(1)(B), the defendant and the United States agree that the following provisions of the Sentencing Guidelines apply to the defendant's sentence. The parties expressly reserve the right to assert that other provisions of the Sentencing Guidelines are applicable or inapplicable to the defendant's Sentencing Guidelines calculation. In the event that the Court declines to accept the parties' position on these Guidelines provisions, the defendant will not have the right to withdraw the defendant's guilty plea:

### COUNT 1

a. For the purpose of § 2G1.3(a), the defendant's base offense level is 24;

4    Defendant's initials:_____

b.  For the purpose of § 2G1.3(b)(3), the offense involved the use of a computer or interactive computer service to persuade, induce, and entice a minor to engage in prohibited sexual conduct;

### COUNT 2

c.  For the purpose of § 2G1.3(a), the defendant's base offense level is 28;

d.  For the purpose of § 2G1.3(b)(3), the offense involved the use of a computer or interactive computer service to persuade, induce, and entice a minor to engage in prohibited sexual conduct; and

e.  For the purpose of § 3D1.2, Counts One and Two involve the same victim and two or more acts or transactions constituting part of a common scheme or plan and, therefore, should be grouped together.

7.  Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of § 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offenses, including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all child pornography and assets and property that were used and intended to be used in any manner to commit or to promote the commission of the offenses set forth in the Indictment and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. This specifically includes, but is not limited to, the Motorola cellular telephone, Samsung cellular telephone, and Lenovo laptop computer identified in the forfeiture allegations of the Indictment. The defendant further agrees to assist the United States fully in the identification, recovery and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

10. The defendant agrees that the court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victims of any offenses charged in

this case; and (2) the victims of any criminal activity that was part of the same course of conduct or common scheme or plan of the defendant's charged offenses.

11. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a. If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

7     Defendant's initials:_____

b. The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c. If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

12. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a. The defendant will not file a direct appeal of the defendant's conviction or sentence with one exception: the defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. As part of this waiver, the defendant specifically waives the right to challenge the duration or conditions of any term of supervised release. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b. The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with

8 Defendant's initials:_____

two exceptions: the defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

   c.   The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

   13.   This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea as agreed herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

   14.   The defendant acknowledges that he has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must

9       Defendant's initials:_____

Case 3:17-cr-00098-TAV-HBG  Document 20  Filed 02/06/18  Page 9 of 11  PageID #: 49

register and keep the registration current in each of the following jurisdictions: (1) where defendant resides; (2) where defendant is employed; and (3) where defendant is a student. The defendant understands that the requirements for registration include providing: (1) defendant's name; (2) defendant's residence address; and (3) the names and addresses of any places where defendant is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which defendant resides, is an employee, or is a student not later than three business days after any change of defendant's name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

15. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

16. This Plea Agreement and the Supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

10      Defendant's initials:_____

Case 3:17-cr-00098-TAV-HBG   Document 20   Filed 02/06/18   Page 10 of 11   PageID #: 50

|                    |     | J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY |
|--------------------|-----|-----|
| 5 Feb. 2018        | By: | *(signature)* |
| Date               |     | Matthew T. Morris
Assistant United States Attorney |
| 1-2-18.            |     | *(signature)* |
| Date               |     | Roy Anthony Williams
Defendant |
| 2/1/2018           |     | *(signature)* |
| Date               |     | Paula R. Voss
Attorney for the Defendant |

11        Defendant's initials:_____