UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:17-CR-98 |
| v. | ) |
| | ) CHIEF JUDGE VARLAN |
| ROY ANTHONY WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, submits this Sentencing Memorandum pursuant to Rule 32 of the Federal Rules of Criminal Procedure.

The United States has reviewed the Presentence Investigation Report ("PSR") dated June 20, 2018, prepared by Tara G. Wood, United States Probation Officer. Doc. 27. The United States has no objections to the PSR. *See* Doc. 28.

## INTRODUCTION

The United States respectfully requests that the Court impose a sentence that includes a term of imprisonment of 120 months, which represents the statutory mandatory minimum sentence of incarceration. PSR ¶ 68. The United States also requests that the Court impose a significant term of supervised release of at least 10 years, including the conditions of supervision recommended by the Probation Officer, following incarceration.

**Nature and Circumstances of the Offenses**

Under 18 U.S.C. § 3553(a)(1), the Court is required to consider the nature and circumstances of the offense. The defendant pleaded guilty to interstate travel to engage in illicit

sexual conduct, in violation of 18 U.S.C. § 2423(b), and knowingly using a facility in interstate commerce to persuade, induce, entice, or coerce a minor to engage in illegal sexual activity of 18 U.S.C. § 2422(b).  The offense conduct is described in paragraphs 10 through 20 of the PSR, and generally involved the defendant travelling from the United Kingdom via Virginia to the Eastern District of Tennessee to meet and have sex with a minor, and using text messages to attempt to persuade the minor to meet and have sex; PSR includes in Paragraphs 19 and 20 facts relevant to Count 3 pertaining to the possession of child pornography.

**Characteristics of Defendant**

The defendant's criminal history is discussed in Paragraphs 52 through 58 of the PSR and his personal characteristics are discussed in Paragraphs 59 through 67 of the PSR.  To summarize, the defendant is a citizen of the United Kingdom with no criminal history, is in relatively good health, has the equivalent of a high school diploma, and has owned his own construction business for the past 12 years.  It appears that the defendant has pedophilic/hebephilic interests in minors, based upon the conduct underlying his convictions.

**Sentencing Purposes Set Forth in § 3553(a)(2)**

Further, pursuant to 18 U.S.C. § 3553(a)(2), the Court should consider the need for the sentence to:

    (a)    reflect the seriousness of the offense, promote respect for the law, and provide just punishment;

    (b)    afford adequate deterrence to criminal conduct;

    (c)    to protect the public from further crimes of the defendant; and

    (d)    to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner.

The United States has a compelling interest in protecting minors from sexual abuse. A sentence of 120 months would serve the need for general deterrence of others who would engage in similar conduct, as well as specifically deterring this defendant from committing further crimes. Further, the United States respectfully submits that a significant term of supervised release of at least ten (10) years following incarceration would also advance the sentencing purposes set forth in § 3553(a)(2). The United States agrees with the Probation Officer that the Court should impose the special conditions recommended in Paragraphs 95 through 109 of the PSR during the time on which the defendant is on supervised release in order to further the sentencing goal of protecting the public from further crimes of the defendant and providing the defendant with needed corrective treatment.

## CONCLUSION

For the reasons set forth above, the United States respectfully submits that a term of imprisonment of 120 months, to be followed by a term of supervised release of at least 10 years, is an appropriate sentence under the circumstances of this case and would be sufficient, but not greater than necessary, to accomplish the sentencing purposes embodied in 18 U.S.C. § 3553(a)(2). However, the United States anticipates offering additional argument and proof at the sentencing hearing in support of its position on sentencing as it deems appropriate and as the Court permits.

Respectfully submitted this 12th day of July, 2018.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

By: *s/ Matthew T. Morris*
Matthew T. Morris
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, TN 37902
(865) 545-4167

## CERTIFICATE OF SERVICE

   I hereby certify that on July 12, 2018, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

               By:  *s/ Matthew T. Morris*
                    Matthew T. Morris
                    Assistant United States Attorney